Kenney v Jacobs (2021 NY Slip Op 06763)





Kenney v Jacobs


2021 NY Slip Op 06763


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Friedman, Oing, Shulman, Pitt, JJ. 


Index No. 153623/20 Appeal No. 14722 Case No. 2021-01896 

[*1]Carol Kenney, as Executor of the Estate of Jerome Kenney, deceased, Plaintiff-Respondent,
v
Eli S. Jacobs, Defendant-Appellant.


Law Offices of Cynthia A. Augello, P.C., Garden City (Cynthia A. Augello of counsel), for appellant.
Carter Ledyard & Milburn LLP, New York (Stephen M. Plotnick of counsel), for respondent.



Order, Supreme Court, New York County (Laurence L. Love, J.), entered on or about November 5, 2020, which granted plaintiff's motion for summary judgment in lieu of complaint (CPLR 3213), unanimously affirmed, with costs.
Defendant failed to raise an issue of fact in opposition to plaintiff's prima facie showing that her decedent's estate is entitled to recover on a promissory note executed by the decedent and defendant (see Zyskind v FaceCake Mktg. Tech., Inc., 101 AD3d 550 [1st Dept 2012]). Defendant's sole defense is his affidavit that there was an oral modification of the promissory note pursuant to which the decedent agreed to forgo repayment of the borrowed funds. However, the affidavit is conclusory and therefore insufficient to defeat plaintiff's motion (see e.g. Poluliah v Fidelity High Income Fund, 102 AD2d 720, 722 [1st Dept 1984]). Defendant offered no additional evidence or details as to the purported oral agreement, such as its terms, the consideration given for it, or when, where, and why it was made.
Defendant's reliance on the purported oral modification is also precluded by the anti-waiver/modification provision of the promissory note (see General Obligations Law § 15-301[1]). Defendant failed to establish that either of the limited exceptions to the statute applies (see Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d 413, 425 [2013]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021